### John H. Kuhlenbeck v. George Hotz.

1. INSTRUCTIONS—*Fraudulent Sales.*—Upon the trial of an issue as to the fraudulent intent with which a sale was made, it is error to instruct the jury to find that it was fraudulent, provided they believe that the facts and circumstances surrounding the transaction were not consistent with an honest purpose. The phrase, "not consistent with an honest purpose." would authorize a jury to find a sale to be fraudulent even though the vendee may have paid for the property all it was worth, and may have been entirely ignorant of any improper motive on the part of the vendor.

2. SAME—*Use of the Term "So Called."*—The use of the word "so

called" in an instruction is improper as being calculated to advise the jury that the transaction is regarded with suspicion from the bench.

3. FRAUDULENT SALES—*To Indemnify a Security.*—When a sale is made to indemnify a surety who is responsible for the payment of the debts of the vendor, and, by the terms of the sale, undertakes to pay them absolutely as if they were his own, mere knowledge of the vendor's fraudulent purpose will not defeat the sale.

4. SAME—*Necessary Elements of the Fraud.*—To render a sale void the vendee must participate in the fraud in some manner. It is not enough that the stream takes its rise in a corrupt source; it must also flow into a corrupt channel.

**Memorandum.**—Replevin. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

The opinion states the case.

APPELLANT'S BRIEF, JOHN G. IRWIN, ATTORNEY.

The distinction is between a transfer of property made solely by way of preference of one creditor over others, which is legal, and a similar transfer made with a design to secure some benefit or advantage from it to the debtor. It is an absurdity to say that a conveyance of property which pays one creditor a just debt and nothing more, is fraudulent as against other creditors of the common debtor. In a fair race for preference, if a creditor, by diligence, secures an advantage, it may be maintained; but if his purpose is not to collect the claim, but to help the debtor cover up his property, he can not shield himself by showing his debt was *bona fide*. Waite on Fraudulent Conveyances, Sec. 390; Breshear v. West, 7 Pet. (U. S.) 608; Reed v. McIntyre, 98 U. S. 510; Wood v. Dixie, 70 Q. B. 892; Banfield v. Whipple 14 Allen (Mass.), 13; Geddings v. Sears, 115 Mass. 507; Richardson v. Marqueze, 59 Miss. 80.

A debtor may prefer one creditor, pay him fully and exhaust his whole property, leaving nothing for others equally meritorious. Cross v. Bryant, 2 Scam. 36; Howell v. Edgar, 3 Scam. 417; Cooper v. McClun, 16 Ill. 435; Gibson v. Reece, 50 Ill. 383; Micou v. Nat. Bank, 104 U. S. 543; Thornton v. Davenport, 1 Scam. 298; Frances v. Rankin,

Kuhlenbeck v. Hotz.

84 Ill. 169; Marbury v. Brooks, 7 Wheat. 556; Spring v. S. C. Ins. Co., Wheat. 268; Wood v. Clark, 121 Ill. 359; Welsch v. Werschem, 92 Ill. 115.

And where a sale of property is made professedly for the purpose of securing a surety or paying a creditor, it is presumed to be fair and honest, and the burden rests upon the party charging fraud to prove it. Wood v. Clark, 121 Ill. 366; Mey et al. v. Gulliman, 105 Ill. 285; Bowden v. Bowden, 75 Ill. 145.

APPELLEE'S BRIEF, WISE & McNULTY AND A. W. METCALFE. ATTORNEYS.

The sale of Metz to Kuhlenbeck was made to hinder, delay and defraud creditors; it was fraudulent. Whether it was or not was a question of fact for the jury to determine under the evidence. Ames v. Moir, 130 Ill. 583.

Fraud may be proved by circumstances inconsistent with an honest purpose. Searcy v. Searcy, 30 Ill. App. 617; 37 Ill. App. 382.

Upon the question of fraud a court should be liberal in the admission of evidence tending to disclose the true nature of the transaction; circumstances in themselves trivial, may, with others, afford strong evidence. Vigus v. O'Bannon, 118 Ill. 334.

A verdict will not be set aside if the evidence of the prevailing party is by itself sufficient, if believed, to support it. Bush v. Kindred, 20 Ill. 93; Tolman v. Race, 36 Ill. 472; Robinson v. School Trustees, 66 Ill. 538; Addems v. Seever, 89 Ill. 482; Shevalier v. Seagar, 121 Ill. 564; I., B. & W. Ry. Co. v. Buckles, 21 Ill. App. 181; Fletcher v. Patten, 21 Ill. App. 228; Haldman v. Sennett, 21 Ill. App. 230; Springfield v. Seigler, 21 Ill. App. 334; I., B. & W. Ry. Co. v. Hinshaw, 21 Ill. App. 335; Calvert v. Carpenter, 96 Ill. 63; Forluf v. Bowlin, 29 Ill. App. 471.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Fred C. Metz, while engaged in the dry goods business at Collinsville, became largely indebted to many creditors.

The Hargadine and McKittrick Dry Goods Company of St. Louis, Missouri, held a claim against Metz for $804.51, and was pressing him for the payment of this claim. Under these circumstances, Metz sold his stock of goods to appellant for $5,903.20, the amount of certain notes theretofore given by Metz, and on which appellant, who was his father-in-law, was surety. As a consideration for the property so sold to him, appellant agreed to pay these notes within ninety days, and to cause the same to be canceled, and to release his son-in-law from all liability thereon. Within the time agreed upon, appellant paid all of these notes. After the sale of the property to appellant, the Hargadine and McKittrick Dry Goods Company obtained a judgment for their claim, and caused a part of the property which had been bought by appellant, as above stated, to be levied upon by Sheriff Hotz, the appellee, for the satisfaction of said judgment. Appellant replevied the property. Appellee pleaded *non detinet*, property in Metz, and property in himself as sheriff, by virtue of the levy. The two special pleas were traversed by appellant. Upon the trial of the case a verdict was returned and a judgment was rendered in favor of appellee.

It was alleged by appellee at the trial that the sale to appellant was fraudulent as against creditors, and that the possession of the property was never transferred to appellant.

It was claimed by appellant that the sale to him was a *bona fide* sale for the full value of the property and for the payment of an honest indebtedness; also that immediate and open possession of the property was taken by appellant, and due notice of the change of ownership given.

There was evidence supporting the contention of each of the parties. In fact the conflict of the evidence was such as to require accuracy in the instructions to the jury. Among the instructions given at the request of appellee were the following:

" 2. If the jury believe from the evidence that the facts and circumstances surrounding and connected with the so-

called sale of this stock of goods from Metz to Kuhlenbeck are such that they are not consistent with an honest purpose, then the sale is fraudulent in law."

" 3. If the jury, in reviewing the questions as to whether the sale of the stock of goods by Metz to Kuhlenbeck is fraudulent as to creditors, should take into consideration all the facts and circumstances surrounding the transaction and give the same due weight, and if, after so doing, they believe that such facts and circumstances are not consistent with an honest purpose, then they should find said sale to be fraudulent as to creditors."

" 6. The law is that a sale or conveyance of property made with the intent on the part of the vendor to delay, hinder or defraud a particular creditor of his debts, is void, as against all the creditors of the vendor, if the intent be known to or participated in by the vendee, although the sale is made for a good and valuable consideration."

Instructions No. 2 and 3 directed the jury to find that the sale was fraudulent, provided they believed that the facts and circumstances surrounding the transaction were not consistent with an honest purpose. An honest purpose on whose part? Is a sale fraudulent as against creditors, simply because there is fraud on the part of the vendor? The phrase " not consistent with an honest purpose," would authorize the jury to find the sale to be fraudulent even though the vendee may have paid for the property all it was worth, and may have been entirely ignorant of any improper motive on the part of the vendor. Even if this verbiage could be approved as far as it goes, it should certainly have been made more specific by qualifying words showing that a participation on the part of the vendee in the vendor's dishonest purpose was necessary in order that the sale might be condemned as fraudulent.

The use of the word " so-called " in instruction No. 2 was improper as being calculated to advise the jury that the transaction was regarded with suspicion from the bench.

Instruction No. 3 is open to the criticism that it did not require the jury to base their verdict upon the evidence

admitted on the trial. The same criticism applies to instruction No. 7.

Instruction No. 6 renders the sale void, although made for a good and valuable consideration, provided the vendor's fraudulent intent was known to the vendee. The language is not "known to and participated in," but "known to or participated in." Let it be borne in mind that this was not a sale by one largely indebted to one who was not his creditor, but that it was a sale to pay debts which had been contracted in good faith, or what is practically the same thing, it was a sale to indemnify a surety who was responsible for the payment of the debts, and by the terms of the sale undertook to pay such obligations absolutely and as if they were his own. In such case mere knowledge of the vendor's fraudulent purpose will not defeat the sale. To render the sale void the vendee must participate in the fraud in some manner. It is not enough that the stream takes its rise in a corrupt source; it must also flow into a corrupt receptacle. Myers v. Kinzie, 26 Ill. 36; Gridley v. Bingham, 51 Id. 153; Bowden v. Bowden, 75 Id. 143; Welsch et al. v. Werschem, 92 Id. 115; Wood v. Clark et al., 121 Id. 359.

For the errors indicated, the judgment is reversed and the cause is remanded.